NOT DESIGNATED FOR PUBLICATION

No. 115,371

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRIAN GENE CUNEFARE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed February 3, 2017. Affirmed.

*Sam S. Kepfield*, of Hutchinson, for appellant.

*Thomas R. Stanton*, deputy district attorney, *Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., GREEN, J., and BURGESS, S.J.

*Per Curiam*:  Pursuant to a guilty plea, the district court convicted Brian Gene Cunefare of one count of driving while habitual violator, a class A nonperson misdemeanor, in violation of K.S.A. 2012 Supp. 8-287, one count of possession of marijuana, a class A nonperson misdemeanor, in violation of K.S.A. 2012 Supp. 21-5706(b)(3), (c)(2)(A), and one count of possession of drug paraphernalia with intent to use, a class A nonperson misdemeanor, in violation of K.S.A. 2012 Supp. 21-5709(b)(2) and (e)(3). The district court sentenced Cunefare to a 24-month underlying jail term, suspended his sentence, and granted him 12 months' probation. After Cunefare admitted

1

multiple probation violations, the district court revoked his probation and imposed the underlying 24-month jail sentence. Cunefare filed this timely appeal. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On October 31, 2014, Cunefare pled guilty to one count of driving while habitual violator, a class A nonperson misdemeanor, in violation of K.S.A. 2012 Supp. 8-287, one count of possession of marijuana, a class A nonperson misdemeanor, in violation of K.S.A. 2012 Supp. 21-5706(b)(3), (c)(2)(A), and one count of possession of drug paraphernalia with intent to use, a class A nonperson misdemeanor, in violation of K.S.A. 2012 Supp. 21-5709(b)(2) and (e)(3). Accordingly, the district court sentenced Cunefare to 12 months in jail on each of the three counts, with the driving while habitual violator and possession of marijuana sentences to run consecutively, and the possession of drug paraphernalia with intent to use sentence to run concurrently, equating to an underlying 24-month jail term. The district court suspended the jail sentence and granted Cunefare 12 months' probation.

The terms of Cunefare's probation included that he refrain from consuming or possessing alcohol or drugs, obtain a substance abuse evaluation, obtain employment, submit to urine, blood, or breath testing, and to not engage in any fights, violence, or threats of violence. In June 2015, Cunefare's probation order was modified to include the completion of a Batterer's Intervention Program (BIP) evaluation within 30 days and to implement all recommendations within 30 days of the evaluation.

On August 10, 2015, the State filed a motion to revoke Cunefare's probation alleging that he was arrested for punching his wife in the face, consumed alcohol, refused to submit to a preliminary breath test, used marijuana and opiates, and failed to obtain employment. Cunefare stipulated to all of the alleged probation violations. The district court revoked, modified, and reinstated Cunefare's probation for an additional 12 months.

2

Cunefare's August 28, 2015, reinstatment order included the mandate that he complete drug and alcohol treatment, complete the BIP program, and follow all recommendations.

By late October 2015 Cunefare had again been charged with new and varied probation violations including: consuming alcohol with a BAC of .255, refusing to submit to Intoximeter testing, being convicted of another crime, threatening violence to his wife and his court services officer (CSO), and failing to report to his CSO. Cunefare admitted to all of the probation violations before the district court on November 2, 2015. After requesting recommendations from the parties, the district court revoked Cunefare's probation and ordered that he serve the underlying jail sentence of 24 months. The district judge spoke directly to Cunefare:

> "You endanger other people. You threaten . . . your [CSO] . . . you put other people's [lives] into risk or turmoil or fear or all of those. . . . I believe that you [knew] how to find the opportunity for treatment if you had really wanted to do that. . . . [Y]ou've had those opportunities and not taken advantage of them. . . . But my job is to make sure . . . people are safe."

Cunefare filed this timely appeal.

ANALYSIS

Cunefare claims that the statutory provisions of K.S.A. 2015 Supp. 22-3716(c) should have been considered by the district court before imposing his underlying jail sentence for his probation violations. Specifically, Cunefare contends that there were intermediate sanctions possible under K.S.A. 2015 Supp. 22-3716(c)(1) that the district court should have, but failed to, consider at sentencing. Cunefare argues that the district court abused its discretion in not considering intermediate sanctions for his probation violations and that the proper remedy is for this court to now vacate the imposition of Cunefare's underlying jail sentence.

3

*Jurisdiction*

While Cunefare appeals the imposition of his 24-month underlying jail sentence, he did not object to the imposition of this sentence at his revocation hearing nor did he raise the possible application of other provisions of K.S.A. 2015 Supp. 22-3716 to provide alternatives for the district court to consider. Generally, if an issue is not raised before the district court, it cannot be raised for the first time on appeal. *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). Although Cunefare's counsel requested that the district judge modify the sentence from 24 months to 12 months, his counsel made no legal arguments for the imposition of a lesser sanction, nor did counsel make any objections or motions for reconsideration after sentencing.

There are several recognized exceptions to this general rule against raising issues for the first time on appeal. See *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). However, Cunefare does not claim that any of these exceptions apply to the issue of whether intermediate options were considered by the district court. Further, Cunefare offers no explanation to this court why this issue should be addressed for the first time on appeal. Accordingly, the issue of whether the district court abused its discretion in sentencing Cunefare after his probation violations is not properly before this court. See *State v. Godfrey*, 301 Kan. 1041, 1043-44, 350 P.3d 1068 (2015) (failure to brief an exception means the issue will not be addressed). Accordingly, Cunefare's appeal must fail.

*Standard of Review*

While the failure to preserve the issue raised by Cunfare on appeal effectively resolves this matter, it is clear that even if these issues were properly before this court, the appeal would likewise fail. The district court's imposition of an underlying jail term is reviewed for an abuse of discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d

4

1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or, is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the trial court abused its discretion bears the burden of showing that abuse of discretion. *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012). Cunefare has not met this burden.

*K.S.A. 2015 Supp. 22-3716*

Cunefare argues that the district court committed reversible error when it revoked his probation and imposed the 24-month underlying jail sentence. A district court's decision to revoke a defendant's probation and impose the underlying jail term is discretionary unless otherwise required by statute. *State v. Brown*, 51 Kan. App. 2d 876, Syl. ¶ 4, 357 P.3d 296 (2015), *rev. denied* 304 Kan. 1018 (2016). Cunefare suggests that the district court did not consider the options available regarding his probation violations prior to revoking his probation and imposing the jail sentence. It is Cunefare's contention that the district court imposed his underlying sentence based on a mistake of law in that the court failed to follow the provision of K.S.A. 2015 Supp. 22-3716(c). He contends that before the district court can properly bypass the graduated sanctions outlined in the statute and impose his underlying sentence, the district court should have made specific factual findings, such as that Cunefare committed a new crime, absconded from supervision, or that members of the public will be in jeopardy by a lesser sanction.

*K.S.A. 2015 Supp. 22-3716(c)*

Cunefare's underlying convictions were for three misdemeanors. However, the provision cited throughout Cunefare's appeal brief, K.S.A. 2015 Supp. 22-3716(c), applies to felony convictions: "[I]f the original crime of conviction was a felony. . . and a violation is established, the court may impose the following sanctions: . . . ." This is made more explicit by K.S.A. 2015 Supp. 22-3716(b)(3)(A): "[I]f the original crime of

5

conviction was a felony . . . and a violation is established, the court may impose the violation sanctions as provided in subsection (c)(1)." Even if subsection (c)(1) were the proper statutory provision guiding the district court's ability to sanction Cunefare for his numerous and admitted probation violations, the judge did, in fact, make specific findings that he had committed a new crime and that he was a danger to other people. It is clear that the district court made the necessary findings Cunefare argues were a prerequisite to bypassing the graduated sanctions provisions of the statute.

*K.S.A. 2015 Supp. 22-3716(b)(3)(B)*

Under K.S.A. 2015 Supp. 22-3716(b)(3)(B), which applies to misdemeanor crimes like those for which Cunefare was convicted, a court may impose a variety of sanctions for established probation violations. "[I]f the original crime of conviction was a misdemeanor . . . and a violation is established, the court may: (i) continue or modify the probation . . . ; (ii) impose an intermediate sanction of confinement . . . to be imposed as a two-day or three-day consecutive period . . .; or (iii) revoke the probation . . . and require the defendant to serve the sentence imposed, or any lesser sentence." K.S.A. 2015 Supp. 22-3716(b)(3)(B)(i), (ii) and (iii). After the district court found in August 2015 that Cunefare violated his probation, it revoked his probation, modified it, and then reinstated it for another 12 months in accordance with subsection (b)(3)(B)(i) and (iii). For the November 2015 finding of probation violations, after having opted for a lesser sanction in August 2015, the district court imposed its option at subsection (b)(3)(B)(iii) by revoking Cunefare's probation and requiring him to serve his underlying jail sentence.

Cunefare claims that the district court abused its discretion by imposing his underlying sentence rather than "affording [him] the chance to deal with his addiction." However, Cunefare fails to acknowledge that he has a driving history of at least six driving while under the influence of drugs or alcohol convictions; that he was convicted in October 2014 of driving while a habitual violator; that his October 2014 order of

6

probation included a substance abuse evaluation and that he was to follow all recommendations; that he was given an intermediate sanction for probation violations in August 2015, which, again, included the mandate that he complete drug and alcohol treatment and follow all recommendations; and that by November 2015, he had failed to adhere to these requirements. Cunefare fails to explain how the district court abused its discretion by not affording him the chance to "deal with his addiction" or in any other manner. Cunefare has failed to demonstrate that the district court abused its discretion in its imposition of his underlying sentence. The district court did not make a mistake of law in its understanding and application of the statutory options regarding Cunefare's numerous probation violations.

The district court's order revoking Cunefare's probation and imposing his underlying 24-month jail sentence is affirmed.

Affirmed.